UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AYESHA HILL,
     Petitioner,

v.                                     Case No. 8:21-cv-1243-KKM-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,
     Respondent.
_____

## ORDER

Hill, a Florida prisoner, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Having considered the petition, (*id.*), the response opposing the petition as time-barred, (Doc. 9), and Hill's reply, (Doc. 11), the Court denies the petition. Because reasonable jurists would not disagree, a certificate of appealability also is not warranted.

I.    BACKGROUND

In a 2013 state court case, Hill pleaded no contest to felony battery, felony petit theft, and resisting a merchant, and was sentenced to three years of probation. (Doc. 9-2, Exs. 4 & 6.) In a 2015 state court case, Hill was charged with grand theft, a third-degree felony. (Doc. 9-2, Ex. 9.) As a result of the 2015 grand theft charge, Hill was also alleged to have violated her probation in the 2013 case. (Doc. 9-2, Ex. 11, pp. 7, 10; Ex. 14.) Hill

pleaded no contest to the grand theft charge in the 2015 case and admitted violating probation in her 2013 case. (Doc. 9-2, Ex. 11, pp. 8-11.) She was sentenced to 10 years in prison in the 2015 case. (Doc. 9-2, Ex. 13.) Her probation in the 2013 case was revoked and she was sentenced to 60 months in prison, to run concurrent to her sentence in the 2015 case. (Doc. 9-2, Ex. 16 & 17.) Hill's motion to withdraw her plea in the grand theft case was stricken with leave to amend. (Doc. 9-2, Exs. 18 & 19.) Hill never filed an amended motion nor did she file a direct appeal.

Hill unsuccessfully sought a belated appeal and a reduction of her sentence. (Doc. 9-2, Exs. 20, 21, 23 & 24.) Her two motions for postconviction relief under Florida Rule of Criminal Procedure 3.850 were denied. (Doc. 9-2, Exs. 27, 28, 34 & 35.) The state appellate court per curiam affirmed the denials. (Doc. 9-2, Exs. 30 & 37.)

## II.   ANALYSIS

Respondent argues that Hill's petition is untimely. (Doc. 9.) Hill implicitly concedes as much in her reply when she appears to seek equitable tolling. (Doc. 11.) But the timeliness issue presents an unusual wrinkle based on the lack of a final adjudication of her motion to withdraw her plea. But even assuming that the petition is timely, Hill is not entitled to federal habeas relief because her sole claim is not cognizable on federal habeas review.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Hill's sentence was entered on April 22, 2016. (Doc. 9-2, Ex. 13.) Her motion to withdraw her plea tolled the rendition of her sentence until the state court entered a written order disposing of the motion. *See* Fla. R. App. P. 9.020(h)(1), (2) (stating that a timely-filed motion to withdraw plea tolls the rendition of the sentence until it is "resolved by the rendition of an order" disposing of the motion); *Williams v. State*, 215 So.3d 642, 643 (Fla. 5th DCA 2017) ("[A] timely . . . motion to withdraw plea . . . defers or delays rendition of the judgment and sentence until the trial court files a signed, written order disposing of the motion."). Hill's motion to withdraw plea was stricken with leave to amend on June 7, 2016. (Doc. 9-2, Ex. 19.)

Respondent contends that when Hill failed to appeal within 30 days of the issuance of this order, her judgment became final on July 7, 2016. (Doc. 9, p. 8); *see Mondeja v.*

*State*, 241 So.3d 907, 908 (Fla. 2d DCA 2018) ("Where a defendant does not file a direct appeal, the judgment and sentence become final thirty days after rendition."). If it is correct that Hill's time to file an appeal ran from the issuance of the June 6, 2017 order, then as shown by the calculations in the response, Hill did not file her § 2254 petition before the expiration of the AEDPA limitation period. (*See* Doc. 9, pp. 8-11.)

But it is unclear whether the June 7, 2016, order striking the motion to withdraw plea was a final, appealable order. The order stated that the motion was legally insufficient because Hill made only the "bare allegation that her pleas were entered unknowingly or involuntarily." (Doc. 9-2, Ex. 19, p. 2.) Thus, the state court struck the motion "without prejudice to [Hill's] right to file a legally sufficient motion no later than 20 days from the date this order is rendered." (*Id.*) No other action was taken. Hill did not file an amended motion to withdraw her plea within the time allotted. And the state court did not enter another order after the filing deadline passed. Although Hill proceeded as if the June 7, 2016 order was final, later seeking a belated appeal and moving for postconviction relief, it is not clear that this order triggered the finality of her judgment for purposes of § 2244(d)(1)(A). *Cf. Hall v. Sec'y, Dep't of Corr.*, 921 F.3d 983, 989-90 (11th Cir. 2019) (stating that in the context of statutory tolling, a petitioner's postconviction motion under Rule 3.850 "is 'pending' until it is denied with prejudice"); Fla. R. Crim. P. 3.850(f)(2) (providing that if a defendant does not timely amend a facially insufficient postconviction

motion after being give leave to amend, "the court, in its discretion, may permit the

defendant an additional opportunity to amend the motion or may enter a final, appealable

order summarily denying the motion with prejudice").

Of course, timeliness is not jurisdictional. *Holland v. Florida*, 560 U.S. 631, 645

(2010).  Therefore, this Court need not resolve the timeliness question to address Hill's

claim for relief. Hill asks the Court to retroactively apply an amended version of the grand

theft statute to her. Hill states that at the time of the offense in 2015, Florida law set the

minimum value of stolen property for grand theft at $300.00. *See* § 812.014(2)(c)1., Fla.

Stat. (2014). But the statute was amended in 2019 to make the minimum value of stolen

property for grand theft $750.00. *See* Ch. 2019-167, § 36, Laws of Fla.

Hill argues that the amended statute should be retroactively applied to her. She

contends that retroactive application is permissible under Florida law because "Florida

voters passed Amendment 11 that removed an outdated 1885 Savings Clause that

prohibited the application of an amended criminal statute to be retroactive[ ]." (Doc. 1, p.

4.)[1] Hill states that her conviction for grand theft, a felony, would be reduced to a

---

[1] Hill appears to refer to the passage of a 2018 Florida ballot measure that amended article X, section 9 of the Florida Constitution. *See Jimenez v. Jones*, 261 So.3d 502, 504 (Fla. 2018) (explaining that the 2018 election results would amend this section effective January 8, 2019, such that there would "no longer be any provision in the Florida Constitution that would prohibit the Legislature from applying an amended criminal statute retroactively to pending prosecutions or sentences"). Section 775.022, Fla. Stat., became effective June 7, 2019. That section states that it is the Legislature's intent that except in limited instances, the "amendment of a criminal statute operates prospectively and does not affect or abate . . . [a] violation

misdemeanor. Hill argues that "not applying [the amended statute] to her situation, yet applying it to those pending prosecution or those who have not yet committed a crime is a disparate, unjust treatment of similarly situated persons." (*Id.*) Thus, she seeks "to be resentenced based on the fact that her current conviction was obtained under a law that is no longer considered acceptable." (*Id.*, p. 5.)

Hill's claim involves a question of Florida law. She contends that an amended state statute is retroactively applicable to her under state law. But Hill does not allege that she is in custody in violation of the Constitution, laws, or treaties of the *United States*—the only basis for federal habeas relief. 28 U.S.C. § 2254(a). Thus, her state law claim is not cognizable in this § 2254 petition. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("[A] habeas petition grounded on issues of state law provides no basis for habeas relief."). Therefore, Hill's petition is denied.

---

of the statute based on any act or omission occurring before the effective date of the act." § 775.022(3)(b), Fla. Stat.

## III.   CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of her petition. 28 U.S.C. § 2253(c)(1). Instead, a district court or court of appeals must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, Hill must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues she seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hill has not made the requisite showing. Finally, because Hill is not entitled to a COA, she is not entitled to appeal in forma pauperis.

It is therefore **ORDERED** that Hill's Petition for Writ of Habeas Corpus, (Doc. 1), is **DENIED**. The **CLERK** is directed to enter judgment against Hill and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on November 1, 2023.


Kathryn Kimball Mizelle
United States District Judge